Donald J. DEVINE, Director, Office of Personnel Management, Petitioner,

v.

Harold C. WHITE, Arbitrator, American Federation of Government Employees, National Border Patrol Council, and Noe Lopez, Respondents.

No. 81–1893.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 18, 1982.

Opinion for the Court Issued Jan. 7, 1983.

Decided July 12, 1983.

---

**10.** A second issue presented in *Illinois Institute,* the applicability of FOIA exemptions to another volume of the documents which was clearly an "agency record," is not at issue in our case. 454 F.Supp. at 1235–37.

Howard S. Scher, Atty., Dept. of Justice, with whom Stanley S. Harris, U.S. Atty., and William Kanter, Atty., Dept. of Justice, Washington, D.C., were on brief, for petitioner.

William Stone, and James R. Rosa and Jane P. Danowitz, Washington, D.C., on brief, for respondents.

Before LUMBARD,* Senior Circuit Judge, United States Court of Appeals for the Second Circuit, EDWARDS and BORK, Circuit Judges.

Opinion for the Court PER CURIAM.

PER CURIAM:

This appeal involves an arbitrator's decision in an "adverse action" case arising under the Civil Service Reform Act of 1978.[1] The case is before the court for a second time,[2] and we are again required to review an arbitral judgment—issued pursuant to a contractually established grievance procedure—setting aside a disciplinary sanction imposed by the Immigration and Naturalization Service ("INS") on one of its agents. The relevant background facts were set forth fully in our first opinion and need not be repeated here.

That first opinion left to the arbitrator the task of determining whether the procedural error he had previously identified was "harmful" within the meaning of 5 U.S.C. § 7701(c)(2)(A) (Supp. V 1981). The INS's error could be so characterized, we stated, if it either "affected the outcome of the disciplinary proceeding," or vitiated a substantial right accorded the affected employee by a "clear provision of [the] collective bargaining agreement." 697 F.2d at 443–44.

On remand, the arbitrator reconsidered and reaffirmed his initial decision setting aside the disciplinary sanction imposed by the INS. Although the arbitrator's judgment appears not inconsistent with our first decision in this case, it is difficult to fathom any coherent line of reasoning in his long and rambling opinion, which consists almost entirely of random quotes from other sources. In reading his opinion, we are hard-pressed to identify either a glimmer of

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (Supp. V 1981).

**1.** Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.).

**2.** The first opinion of the court was issued on January 7, 1983. *Devine v. White,* 697 F.2d 421 (D.C.Cir.1983).

reasoned consideration, to which we might defer, or a hint that his observations bear any significant relation to the real world.

■ If government agencies and unions in the federal sector are to bind themselves through collective bargaining agreements to arbitrate disciplinary matters, one would hope that the arbitrators selected—who are given broad authority to construe and enforce labor contracts—have the time, talent and experience to write intelligible opinions. An opinion such as that submitted here forces the court to choose between placing its stamp of approval on utter gibberish or conducting what would amount to de novo review on a hopelessly inadequate record. Both options, of course, are undesirable.

■ Notwithstanding our dismay over the quality of the arbitral opinion in this case, consistency of the *result* reached in the arbitrator's decision with the test established in our original opinion leads us to conclude that approving that result is the lesser of two evils. We therefore affirm the judgment, but not the rationale or opinion, of the arbitrator.

*So ordered.*